## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DASTASSIA BAILEY,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | |
| **v.** | : | |
| | : | **Jury Trial Demand** |
| **CITY OF CHAMBLEE, GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## COMPLAINT

**COMES NOW** the Plaintiff, Dastassia Bailey ("Plaintiff"), by and through counsel undersigned, and hereby submits her Complaint against the Defendant, City of Chamblee, Georgia ("Defendant"), and shows the Court, as follows:

## Authority

### 1.

This cause of action arises under the provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), seeking a remedy for sex and race discrimination and retaliation, all of which occurred during Plaintiff's employment with the City of Chamblee Police Department.

- 1 -

**2.**

All jurisdictional prerequisites to the institution of Plaintiff's lawsuit have been fulfilled. Plaintiff filed her initial Charge of Discrimination within 180 days of the discriminatory acts; Plaintiff was issued a Notice of Right to Sue from the EEOC; and, Plaintiff now files this Complaint within 90 days of receipt of said Notice.  Plaintiff's March 8, 2022 EEOC Charge of Discrimination is attached hereto as **Exhibit A.**

**Parties, Jurisdiction and Venue**

**3.**

Plaintiff is a resident of the Northern District of Georgia.

**4.**

Defendant, City of Chamblee, Georgia, is a governmental entity and subdivision of the  State of Georgia, and, is legally responsible for the City of Chamblee Police Department, a department operating within, and on behalf of, the City of Chamblee.  Defendant's principal office address is 5468 Peachtree Road, Chamblee, Georgia 30341.  Defendant may be served via its City Manager, Jon Walker, at the same address.

**5.**

Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1337.

**6.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as Defendant exists within the Northern District of Georgia.

**Factual Allegations**

**7.**

Plaintiff, a Black female, was an Officer at the Chamblee Police Department (the "Department"), in Atlanta, Georgia, for 1 1/2 years. Thereafter, she was promoted to the rank of Sergeant for the remainder of her employment, which was approximately 6 additional months.

**8.**

The Department allows Police Officers to work part-time for various companies/establishments ("Vendors") in addition to their full-time positions at the Department.

**9.**

The Department has access to the records of all hours worked by its Officers at all Vendors, as well as the wages paid by Vendors to the Officers - - Plaintiff was well-aware of these facts.

- 3 -

**10.**

Police Officers, including Plaintiff, were also allowed to work at a Vendor during their shift at the Department - - provided that they clocked out of the Department before logging into the Vendor's establishment, and vice-versa.   In such instances, duties and time scheduled in the Department took priority over any work at a Vendor.

**11.**

In December of 2021, Plaintiff was investigated by the Department for 38 instances of "suspected" double-dipping.   Double-dipping is being paid for working two jobs (the Department and a Vendor) at the same time.

**12.**

Subsequently, Plaintiff was terminated, and told that she had the right to appeal the termination decision.

**13.**

Plaintiff did appeal her termination, alleging that the 38 instances of suspected double-dipping were unfounded.   After considering Plaintiff's appeal, her supervisors agreed that 36 of the 38 instances were, in fact, unfounded.

**14.**

The Chief of the Department then stated that, with the information provided in Plaintiff's appeal, Plaintiff's termination needed to be reexamined.  Thereafter, the Chief reexamined Plaintiff's termination but upheld her termination, despite one remaining instance being unintentional, an honest mistake; and the other being correctable.

**15.**

Nevertheless, Plaintiff was not allowed to correct one instance, as another male Officer, Officer Felder, had been allowed to do by paying the Department back 7 hours as a form of reprimand.

**16.**

Plaintiff's case was reevaluated by the City Manager, who, Plaintiff believes, relied on the initial inaccurate information of 38 instances of double-dipping, and therefore upheld Plaintiff's termination.

**17.**

Plaintiff is aware of at least seven (7) other Officers in the Department who were investigated for double-dipping, six of whom remain employed in the Department.

**18.**

As a result of those investigations, three (3) male Officers were punished, but received very different punishments than Plaintiff received.

**19.**

One Black Officer, Officer Felder, with 25 instances of suspected double-dipping, was suspended for sixteen hours, and suspended from working for Vendors for three months.

**20.**

A second, Indian male, Officer Saddiqui, received a "coaching/counseling" session, only.  Lieutenant Winfield wrote Officer Saddiqui up as a "failure to notify supervisors of his location" which allows for a less severe penalty than double-dipping.  However, Lieutenant Winfield verbally advised Plaintiff and another Sergeant, Sergeant Arthur, that Officer Saddiqui's infraction was, in fact, a double-dipping incident.

**21.**

The third, Asian male, Sergeant Tong, was allowed to resign, receiving all benefits  accrued or due him, and without the stain of a termination on his record.

**22.**

Plaintiff is aware of several White Officers who have instances of actual and/or suspected double-dipping.  However, to Plaintiff's knowledge, not one of them has ever been "investigated" as Plaintiff, and other minority Officers, have been.

**23.**

Oddly, Plaintiff, a Black, female Sergeant, with an otherwise blemish-free work record, having received excellent Performance Reviews, numerous accolades, merit awards and commendations from the Department, including being the first female Sergeant in the Department, was not offered any coaching/counseling, was not given any opportunity to correct a problem (as other of her coworkers had been allowed to do), and was not afforded the processes of progressive discipline, as outlined in the City of Chamblee Personnel and Policy Manual.

**24.**

Instead, on January 5, 2022, Plaintiff was summarily terminated, without receiving any potential benefits, such as compensation for retirement and/or accrued personal time off ('PTO"), and with the stain of a termination negatively affecting her career, or even potentially ending her career in law enforcement.

## COUNT I
**(Sex and Race Discrimination and Retaliation)**
**(Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.*)**
**25.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**26.**

Defendant discriminated and retaliated against Plaintiff because of her sex and because of her race.

**27.**

Defendant treated male Officers accused of the same or similar infractions as Plaintiff much differently than Defendant treated Plaintiff because of her race and her sex.

**28.**

While Plaintiff and other racial minority Officers were investigated and/or disciplined for suspicion of double-dipping, White Officers suspected of, or even known to have double-dipped, were not investigated, let alone disciplined in any way during the time Plaintiff was employed in the Department.

**29.**

Defendant willfully, wantonly, and intentionally violated Title VII, in reckless and callous disregard of Plaintiff's federally protected rights.

- 8 -

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant, as follows:

(a)     That Defendant be ordered to formulate, distribute and implement a written policy which does not discriminate or violate in any manner which is a violation of Title VII;

(b)     That Defendant be ordered to re-hire, compensate, reimburse and make whole the Plaintiff for all benefits she would have received had it not been for Defendant's illegal actions;

(c)     That Plaintiff recover compensatory damages for Defendant's willful violations of Title VII;

(d)     That Plaintiff be awarded compensatory damages to compensate for the humiliation, pain, suffering and stigma associated with discrimination and retaliation;

(e)     That Plaintiff be awarded punitive damages to punish the Defendant for its unlawful actions;

(f)     That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees;

(g)     That Plaintiff recover prejudgment interest;

(h)    That this Court issue a declaratory judgment that the practices complained of are unlawful and void; and

(i)    For such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 14th day of November 2022.

                              **PANKEY & HORLOCK, LLC**


                              By:   */s/ Larry A. Pankey*
                                    Larry A. Pankey
                                    Georgia Bar No. 560725
                                    ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

## <u>CERTIFICATION OF FONT SIZE</u>

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, of Pankey & Horlock, LLC, attorney for Plaintiff, Dastassia Bailey, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 14th day of November 2022.

**PANKEY & HORLOCK, LLC**

By: */s/ Larry A. Pankey*
    Larry A. Pankey
    Georgia Bar No. 560725
    ***Attorneys for Plaintiff***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DASTASSIA BAILEY,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF CHAMBLEE, GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **Complaint** with the Clerk of Court using the CM/ECF system.

Dated this 14th day of October 2022.

**PANKEY & HORLOCK, LLC**

By:   /s/ *Larry A. Pankey*
          Larry A. Pankey
          Georgia Bar No. 560725
          ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:   770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

- 12 -

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To | Agency(ies) Charge No s: |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 410-2022-02116 |
| | and EEOC |

| | State or local Agency, if any |
|---|---|

| Name (Indicate Mr, Ms, Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms Datassia Bailey | (404) 964-0914 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | Snellville, Georgia |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl Area Code) |
|---|---|---|
| Chamble Police Deparment | 15+ | (770) 986-5005 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4445 Buford Highway | Atlanta, Georgia 30341 |

| Name | No. Employees, Members | Phone No. (Incl Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Dec 22, 2021   Latest: Jan 5, 2022
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was an Officer at the Chamblee Police Department (the "Department"), in Atlanta, Georgia, for 1 1/2 years. Thereafter, I was promoted to the rank of Sergeant for the remainder of my employment, which was approximately 6 additional months.

The Department allows Police Officers to work part-time for various companies/establishments ("Vendors") in addition to their full-time positions at the Department. The Department has access to the records of all hours worked by its Officers at all Vendors, as well as the wages paid by Vendors to the Officers - - I was well-aware of these facts. I was also allowed to work at a Vendor during my shift at the Department - - provided that I clocked out of the Department before logging into the Vendor, and vice-versa. In such instances, my duties and time scheduled in the Department took priority over any work at a Vendor.

In December of 2021, I was investigated by the Department for 38 instances of "suspected" double-dipping. Double-dipping is being paid for working two jobs (the Department and a Vendor) at the same time. Subsequently, I was terminated on January 5, 2022, and told that I had the right to appeal the termination decision.

I did appeal my termination, claiming that the 38 instances of suspected double-dipping were unfounded. After considering my appeal, my supervisors agreed that 36 of the 38 instances were, in fact, unfounded. The Chief of the Department admitted to the information provided in my appeal, my termination needed to be reexamined. Thereafter, the Chief reexamined and upheld my termination, despite one remaining instance being unintentional, a mistake; and the other being correctable. Nevertheless, I was not allowed to correct one instance, as another male Officer (Officer Felder) had been allowed to do by paying the Department back 9 hours as a form of reprimand. My case was reevaluated by the City Manager, who, I believe, relied on the initial inaccurate information of 38 instances of double-dipping, and therefore upheld my termination.

(Continued On Next Page)

RECEIVED
MAR
EEOC-ATDO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3/8/22 — D. Bailey<br>Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>03/08/2022 |

PEDRICKA L MURRAY
NOTARY PUBLIC
CLAYTON COUNTY, GA

EEOC Form 5 (11/09)

<table>
<tr><td>CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.</td><td>Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC</td><td>Agency(ies) Charge No(s):<br><br>410-2022-02116</td></tr>
<tr><td></td><td colspan="2">and EEOC</td></tr>
</table>

*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am aware of at least seven Officers in the Department who were investigated for double dipping, six of whom remain employed in the Department. As a result of those investigations, three Officers, in particular, one male (Officer Felder) with 25 instances of suspected double dipping was suspended for sixteen hours and suspended from working for Vendors for three months. A second male (Sergeant Saddiqui) received a "coaching/counseling" session. Lieutenant Winfield wrote Sergeant Saddiqui up as a "failure to notify supervisors of his location" which allows for a less severe penalty than double dipping. However, Lieutenant Winfield verbally advised me and another Sergeant (Sergeant Arthur) that Sergeant Saddiqui's infraction was, in fact, a double dipping incident. The third male (Sergeant Tong) was allowed to resign, receiving all benefits due him.

I am aware of several White Officers who have instances of actual and/or suspected double dipping. However, to my knowledge, not one of them has been "investigated" as I, and others, have been.

But I, a female Sergeant, with an otherwise blemish-free work record, having received excellent Performance Reviews, numerous accolades, merit awards and commendations from the Department, including being the first female Sergeant in Chamblee, was not offered any coaching/counseling, was not given any opportunity to correct a problem (as other of my coworkers have been allowed to do), and was not afforded the processes of progressive discipline as outlined in the City of Chamblee Personnel and Policy Manual. Instead, I was summarily terminated, without receiving any potential benefits, such as compensation for retirement and/or accrued personnel time off ("PTO"), etc.

I believe I have been discriminated and retaliated against due to my sex, and my race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.,

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/8/22    *D. Bailey*
Date    Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*D. Bailey*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
3/8/2022

PEDRICK Roberta MURRAY
NOTARY
PUBLIC
Exp. Aug. 7, 2023
CLAYTON COUNTY, GA